# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARIS L. AMPS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATHAN MAGSIG,<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:23-cv-01260-JLT-SKO<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FOR FAILURE TO PROSECUTE<br><br>**14-DAY DEADLINE**<br><br>(Docs. 2, 4) |

On August 22, 2023, Plaintiff Travaris L. Amps ("Plaintiff"), proceeding *pro se*, filed a complaint. (Doc. 1.) Plaintiff failed to pay the $402 filing fee or submit an application to proceed *in forma pauperis* ("IFP"). On August 24, 2023, the Court ordered Plaintiff to either pay the filing fee or file an IFP application within thirty days. (Doc. 2.) Plaintiff failed to take appropriate action by the deadline, and on October 2, 2023, the Court ordered Plaintiff to show cause ("OSC") why the action should not be dismissed for his failure to comply with the Court's August 24, 2023, order (Doc. 2) and for failure to prosecute.[1] (Doc. 4.) No response to the OSC was filed and the time to do so has passed.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District

---

[1] On August 24, 2023, Plaintiff filed a "notice" with the Court, which does not appear to provide an explanation for why he has been unable to either pay the filing fee or file an IFP application.  (*See* Doc. 3.)

1 courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with the Court's August 24, 2023, order and the OSC, there is no alternative but to dismiss the action for his failure to obey court orders and failure to prosecute.  Plaintiff was warned twice—in the August 24, 2023, order and in the OSC—that the failure to comply with the Court's orders would result in a recommendation to the presiding district judge of the dismissal of this action.  (*See* Docs. 2, 4.)

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **November 1, 2023**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE